COPY

1  DAVID S. McLANE (No. 124952)
   KAYE, McLANE & BEDNARSKI, LLP
2  234 East Colorado Boulevard, Suite 230
   Pasadena, California 91101
3  Telephone: (626) 844-7660
   Facsimile: (626) 844-7670
4  E-Mail: dmclane@kmbllp.com

5  Attorneys for Plaintiff
   REINA MARIBEL CAMPOS
6

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                       **WESTERN DIVISION**

11  REINA MARIBEL CAMPOS,              )  CASE NO. 11-09613 DDP(PJWX)
    INDIVIDUALLY, AND                  )
12  SUCCESSOR IN INTEREST TO           )
    STEVE ULYSSES CABRERA,             )
13                                     )  **COMPLAINT FOR DAMAGES**
                      Plaintiff,       )
14  v.                                 )  **1) Violation of Civil Rights, 42 U.S.C.**
                                       )  **§ 1983 - - Wrongful Death;**
15  COUNTY OF LOS ANGELES; LOS         )  **2) Violation of Civil Rights, 42 U.S.C.**
    ANGELES COUNTY SHERIFF'S           )  **§ 1983 - - Failure to Train, Supervise**
16  DEPARTMENT; SHERIFF LEE            )  **Causing Constitutional Violation;**
    BACA; and DOES 1 through 10,       )  **3) Violation of Civil Rights, 42 U.S.C.**
17  inclusive,                         )  **§ 1983, Supervisory Liability;**
                                       )  **4) Violation of Civil Rights, Cal. Civ.**
18                                     )  **Code § 52.1;**
                      Defendants.      )  **5) General Negligence;**
19  _____ )  **6) Violation of Cal Govt. Code § 845.6**
                                          **- - Failure to Provide Immediate**
20                                        **Medical Care; and,**
                                          **7) Medical Negligence.**
21

22                                        **[DEMAND FOR JURY TRIAL]**

23

24                       **JURISDICTION**

25  1.    Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1988 and state law.

26        The Court has jurisdiction over the federal law claims action pursuant to 28

27        U.S.C. §§ 1331 and 1343.  The state law claims for relief are within the

28        supplemental jurisdiction of the Court, pursuant to 28 U.S.C. § 1367.

## VENUE

2. Venue in the Central District of California is proper as Steve Ulysses CABRERA, the decedent, was a detainee at Los Angeles County's Men's Central Jail, within the Central District of California; one or more of the Defendants' principal place of business is in the County of Los Angeles; and the events giving rise to the claim occurred within the Central District of California. 28 U.S.C. § 1391(a)(1) and (b)(2).

3. Plaintiff filed a Claim in accordance with California Government Code § 910 *et seq.*, with the State of California on April 4, 2011, within six months of Mr. CABRERA's death on October 5, 2010.   The claim was rejected on May 19, 2011, and this action is timely filed.

## PARTIES

4. Plaintiff REINA MARIBEL CAMPOS is the mother and successor in interest and an heir at law of STEVE ULYSSES CABRERA (hereinafter referred to as "STEVE CABRERA"), the deceased.  She brings this suit pursuant to California Code of Civil Procedure §§ 377.30 and 377.60 for herself, individually, and as the successor in interest and personal representative of the estate of STEVE CABRERA.

5. BLANCA CARDENAS was married to STEVE CABRERA at the time of his death, and may be a successor in interest.

6. Defendant Sheriff Lee Baca (hereinafter referred to as "SHERIFF BACA") is and was at all times mentioned herein, the Sheriff for Los Angeles County and in charge of Men's Central Jail ("MCJ") in Los Angeles County, the facility where STEVE  CABRERA resided at the time of his death.  SHERIFF BACA, pursuant to California law and his duties as the Sheriff of Los Angeles County, was responsible for the administration of MCJ; for the supervision, training, and retention of agents and employees working within the MCJ,

including custodial staff, counselors, advisors, nurses, doctors, physician assistants, medical staff, mental health staff, education staff, and supervisors; and for the implementation of policies and procedures at MCJ. SHERIFF BACA is sued in his individual capacity.

7.  At all times mentioned herein Defendants COUNTY OF LOS ANGELES ("COUNTY"), and the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LACSD") were public entities and municipal corporations, duly organized and existing under and by virtue of the laws of the State of California.

8.  Plaintiff is informed and believes and thereon alleges that Defendants sued herein as DOES 1- 20, inclusive, are custody staff, counselors, nurses, doctors, assistants, agents and/or employees of Defendants COUNTY and LACSD and were at all relevant times acting in the course and scope of their employment and agency. DOE DEFENDANTS are referred to herein as DOE Medical Staff, DOE Custodial Staff, DOE Supervisors, etc., as appropriate. Plaintiff alleges that each of the Defendants named as a DOE was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained through the discovery process.

9.  At all times mentioned herein Defendants SHERIFF BACA, and DOES 1-20, were residents of the County of Los Angeles, State of California, and were peace officers, sergeants, captains, lieutenants, detectives, commanders, sheriff, custody staff, counselors, nurses, doctors, assistants, agents and/or employees of the COUNTY and LACSD, as well as employees, agents and representatives of said Defendants. Each Defendant is the agent of the other Defendants.

//

-3-

## PRELIMINARY ALLEGATIONS

10. This action is brought under 42 U.S.C. § 1983 and on the Fourteenth and Eighth Amendments of the United States Constitution, and pursuant to the general laws of the United States and of the State of California. Plaintiff alleges that the conduct of each Defendant deprived STEVE CABRERA of his constitutional and statutory rights, and their conduct resulted in the termination of his life in violation of his Fifth, Fourteenth, and Eighth Amendment rights.

11. Each of the Defendants, including DOE Defendants, caused and is responsible for the unlawful conduct and resulting injury by, *inter alia*, personally participating in the conduct; acting jointly and in concert with others' conduct; authorizing, acquiescing or failing to take action to prevent the unlawful conduct; promulgating policies and procedures or practices pursuant to which the unlawful conduct occurred; failing and refusing to initiate and maintain adequate training, supervision, policies, procedures and protocols; failing to implement and ensure compliance with policies and procedures to ensure the safety and reasonable security of detainees at MCJ, such as STEVE CABRERA; and/or ratifying the unlawful conduct performed by agents, employees, counselors, staff, and officers under their direction and control.

12. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference will also be deemed to mean the acts and failures to act of each Defendant individually, jointly or severally.

## FACTUAL ALLEGATIONS

13. STEVE CABRERA entered the custody of MCJ on or about October 15, 2007.

14. On or about January 30, 2008, Mr. CABRERA attempted suicide at MCJ by hanging himself. Custody staff discovered him hanging, and he was taken to

the MCJ medical staff. He also swallowed 4 razors. Even though it was an obvious suicide attempt, Mr. CABRERA denied attempting suicide. The medical staff placed an involuntary psychiatric hold on Mr. CABRERA pursuant to California Welfare & Institutions Code § 5150. The medical staff diagnosed Mr. CABRERA with a mood disorder NOS, thereby determining that he had a mental condition. DOE Custody and Medical Staff knew or had access to information that Mr. CABRERA attempted suicide in 2008 and was diagnosed with a mental health condition.

15.    Mr. CABRERA was a gang drop out. As a gang drop out, the jail staff designated Mr. CABRERA as "K-10 PC", which means that he was in protective custody and was placed on a floor with no gang members and only gang drop outs or informants. DOE Custody Staff knew that Mr. CABRERA had dropped out of a gang by virtue of his designation as a K-10 PC. Nevertheless, DOE Custody Staff then placed Mr. CABRERA back on an active gang floor of the 3000 module even though, as a gang drop out, he would be in danger of harassment and assaults by other inmates.

16.    In the months preceding his suicide, Mr. CABRERA was afraid for his life. He was a gang drop out. DOE Custody Staff removed him from protective custody and then transferred him back to a gang floor in the 3000 module, when they knew he was not an active gang member. This placed Mr. CABRERA in grave danger, and made him fear for his life. The 3000 module is where the most violent gang members are housed. It was known to DOE Custody and Medical Staff that gang drop outs are at serious risk of harm from gang members if they are housed together.

17.    Mr. CABRERA repeatedly requested that DOE Custody Staff remove him from the gang floor because he was afraid that he would be killed by gang members because he was a gang drop out. If a former protective custody inmate is transferred to an active gang floor, that subjects that person to being

green lighted, or having a gang shot caller place a "hit" on your life. The custody staff at MCJ is aware that there is a potential for someone to be green lighted when they are transferred from a protective custody floor to an active gang floor.

18. Despite their knowledge of the risk to Mr. CABRERA's life by being on an active gang floor, and their knowledge that his placement would undoubtably increase his stress level and fear for his life, Plaintiff is informed and believes, and thereon alleges, that DOE Custody Staff repeatedly denied his requests for transfer off the gang floor, thereby endangering his life, failing to protect him, and exacerbating Mr. CABRERA's known suicide risk since they knew he attempted suicide in 2008.

19. On August 28, 2010, custody staff and medical staff saw Mr. CABRERA, who had a cut to his head by a razor. He told the hospital staff that someone had sliced his head with a razor.

20. On September 8, 2010, Mr. CABRERA slit one of his arms with a razor blade, in another apparent suicide attempt. Medical records indicate that he told medical staff that someone had cut him, and later told medical staff that he had cut himself. Either this was a suicide attempt, or Mr. CABRERA's prediction gang members would assault him proved to be true. He was placed in a safety cell, then returned to his cell still with the bandages on his wound. Plaintiff is informed and believes this was a suicide attempt. DOE Custody and Medical Staff knew Mr. CABRERA had a serious injury with cuts to his arm that indicated an attempt by Mr. CABRERA to commit suicide.

21. Despite knowledge of his prior suicide attempt in 2008; his mental condition; his prior 5150 hold due to being a danger to himself; the attack by another inmate on the 3000 module active gang floor on August 28, 2010; the September 8, 2010 suicide attempt or attack by an active gang member, DOE Custody and Medical Staff failed to protect Mr. CABRERA from a known

suicide risk. DOE Custody and Medical Staff acted with deliberate indifference to a known suicide risk that they, in fact, exacerbated by denying his requests for protection and by failing to take adequate measures to protect against the risk of harm to Mr. CABRERA.

22.  On October 5, 2010, shortly thereafter, Mr. CABRERA attempted suicide, and this time was successful.  He hung himself.

## FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. § 1983  - - WRONGFUL DEATH
### AGAINST DOES 1 THROUGH 20

23.  Plaintiff restates and incorporates by reference Paragraphs 1-22 above, as though fully stated herein.

24.  DOE Custody Staff were responsible for STEVE CABRERA's physical safety, to protect him from other inmates threatening his life, to prevent suicide risk that was known to them,  properly house and classify him to protect him; and communicate to DOE Medical Staff any mental or medical issues that would threaten Mr. CABRERA's safety.

25.  DOE Medical Staff were responsible for providing Mr. CABRERA with medical and mental health treatment, follow-up and supervision.  They were responsible for communicating with custody staff regarding any suicidal risks for Mr CABRERA and regarding the proper housing and precautions that should be taken to protect Mr. CABRERA's physical safety, mental and medical health. DOE Medical Staff knew that Mr. CABRERA was a risk for suicide on October 5, 2010, as he suffered the razor cuts to his arm on September 8, 2010 that required hospitalization.  They knew he required reasonable medical and mental care and treatment, supervision and monitoring, that he had a prior suicide attempt, and that without proper housing, supervision and monitoring, that his condition would deteriorate and he would be a suicide risk, and his mental health would deteriorate.

26. Plaintiff is informed and believes, and thereon alleges, that DOE DEFENDANTS acted with deliberate indifference and/or reckless disregard for STEVE CABRERA's known mental health condition, suicide risk and physical safety, in that they ignored and/or failed to reasonably monitor and to provide security to prevent STEVE CABRERA from committing harm to himself; they ignored and/or failed to reasonably monitor and provide the required mental and medical monitoring that allowed Mr. CABRERA's medical and mental condition from deteriorating.

27. By committing and/or ignoring the following acts that led up to Mr. CABRERA's suicide, DOE DEFENDANTS were deliberately indifferent to and/or recklessly disregarded the foreseeable risk that Mr. CABRERA would commit suicide:

A) DOE Custody and Medical Staff knew that Mr. CABRERA attempted suicide in 2008;

B) In the months preceding his suicide, Mr. CABRERA was afraid for his life. He was a gang drop out.  DOE Custody Staff had placed him in protective custody and then transferred him back to a gang floor in the 3000 module. The 3000 module is where the most violent gang members are housed.  It is known to DOE Custody and Medical Staff that gang drop outs are at serious risk of harm from gang members if they are housed together.

C) Mr. CABRERA repeatedly requested that DOE Custody Staff remove him from the gang floor because he was afraid that he would be assaulted or killed by gang members because he was a gang drop out.

D) DOE Custody Staff repeatedly denied Mr. CABRERA's requests, thereby endangering his life, failing to protect him, and exacerbating his known suicide risk since they knew he attempted suicide in 2008.

E) On September 8, 2010, Mr. CABRERA slit his arm with a razor blade, in another apparent suicide attempt. DOE Custody and Medical Staff knew Mr.

CABRERA had a serious injury with cuts to his arm. Medical records indicate that Mr. CABRERA stated that another inmate cut him and, later, that he cut himself. Regardless, Mr. CABRERA was clearly at risk of harm, either self-inflicted or inflicted by others.

F) Despite knowledge of these facts, DOE Custody and Medical Staff failed to protect Mr. CABRERA or provide necessary monitoring and treatment.

G) DOE Custody and Medical Staff deliberately ignored Mr. CABRERA's suicide risk and exacerbated it by failing to take any measures to protect him such as removing him from the gang floor, placing him on suicide watch and/or safety cell or keeping him in the jail hospital for observation.

28.     Due to their deliberate indifference to and/or reckless disregard of the reasonably foreseeable and serious risk of harm to STEVE CABRERA; their failure to protect him from gang inmates which exacerbated his known suicide risk; their failure to take any steps to protect him from self-harm, and their failure to timely intervene to provide reasonable security, monitoring and safety necessary in order to prevent Mr. CABRERA from harming himself, the actions and inactions of the DOE Custody and Medical Staff proximately caused Mr. CABRERA's death by suicide on October 5, 2010.

29.     STEVE CABRERA  was subjected to deprivation of rights by DOE Custody and Medical Staff. Each of them, acting under color of law, deprived Mr. CABRERA of his rights under the statutes, ordinances, regulations, customs and usages of the laws of United States and the State of California, which rights included, but are not limited to, the privileges and immunities secured to STEVE CABRERA by the Fourteenth or Eighth Amendments to the United States Constitution and laws of the United States, particularly: a) his right to access to mental health and medical care and treatment for her serious but treatable condition; b) his right to adequate, reasonable security, monitoring, supervision, classification and housing for his mental health; c) his right to be

protected from harm from other inmates and reasonable security, the deprivation of each of which was also a cause of his suicide.

30. As a result, Plaintiff REINA MARIBEL CAMPOS, as successor in interest and personal representative of STEVE CABRERA, has suffered damages, pain and suffering, anguish, depression and loss of life and deprivation of his constitutional rights in an amount not yet ascertained but to be proven.

31. As a result, Plaintiff REINA MIRABEL CAMPOS, in her individual capacity, has suffered loss of her constitutionally protected liberty interest in familial relations, and love, comfort, society, affection, and companionship of her son, STEVE CABRERA, as a result of the wrongful death of her son in an amount not yet ascertained but to be proven.

32. DOE Custody and Medical Staff acted recklessly or with callous indifference to STEVE CABRERA's constitutional rights and should be assessed punitive damages.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983 - - POLICY, CUSTOM OR PRACTICE CAUSING VIOLATION OF CIVIL RIGHTS AGAINST DEFENDANTS COUNTY AND LACSD

33. Plaintiff restates and incorporates by reference Paragraphs 1 - 32 above, as though fully stated herein

34. At all times stated herein, Defendants COUNTY and LACSD were public entities and municipal corporations, duly organized and existing under and by virtue of the laws of the State of California. These Defendants through their policy makers deprived STEVE CABRERA of his rights, privileges and immunities secured by the Fourteenth or Eighth Amendments of the United States Constitution, by maintaining the following customs, policies, and /or practices:

A) Failing to hire, train and place deputies in MCJ with the experience and training to detect detainees, such as Mr. CABRERA, with serious mental conditions,

-10-

and suicidal risk;

B) Placing those deputies with the least experience on the most dangerous floors of the MCJ with high risk gang inmates and vulnerable protective custody inmates, such as Mr. CABRERA. These inexperienced deputies lacked the training, supervision, and knowledge to determine which detainees were suicidal, had mental problems, and were endangered by other detainees, resulting in the those custodial deputies failing to recognize that Mr. CABRERA was at serious risk of harm, was suicidal, and was at risk of harm from other inmates;

C) Disciplining deputies who had been determined to be unsafe to work on the streets by placing them at MCJ and giving them responsibility for the monitoring, care, and protection of inmates. These deputies who had been disciplined for misconduct lacked the training, supervision,  knowledge, and judgment to determine which detainees were suicidal, had mental problems, and were endangered by other detainees, resulting in the those custodial deputies failing to recognize that Mr. CABRERA was at serious risk of harm, was suicidal, and was at risk of harm from other inmates;

D) Failing to train, supervise, and discipline custodial deputies who were deliberately indifferent to detainees' serious  mental and medical needs. This placed inmates such as Mr. CABRERA at serious risk of physical danger from themselves and from other detainees;

E) Failing to train, supervise, and discipline custodial deputies who were deliberately indifferent classifying and housing detainees, such as Mr. CABRERA who should have been in protective custody as a gang drop-out but was housed with gang members. This resulted in those custodial deputies being unable to determine which detainees were at serious risk of harm from other detainees, or who were suicidal because of their fear of serious risk of harm from gang detainees and other detainees;

F) Failing to train, supervise and discipline custodial deputies and medical staff to ensure proper communication between the custodial and medical staff of information to ensure continuity of care of detainees, proper placement and classification of

-11-

detainees, ensuring that detainees who were in danger from other detainees or suicidal or who had serious mental and medical needs, such as Mr. CABRERA, were properly housed. This resulted in detainees such as STEVE CABRERA not having access to medical care and treatment necessary to ameliorate their mental and medical conditions, which foreseeably resulted in increased risk of suicide and suicide attempts;

G) Failing to train, supervise, and discipline custodial deputies and medical staff who failed to provide continuity of care, access to medical care and treatment to detainees who were mentally ill, suicidal, and had prior suicide attempts, resulting in detainees, such as STEVE CABRERA,  committing or attempting suicide.

35. Defendants' customs, polices or practices were a moving force and legal cause of STEVE CABRERA's injuries, and each individual defendant acting in accord with these customs, policies or practices acted with deliberate indifference to the needs of persons such as Mr. CABRERA who was incarcerated at defendant COUNTY and LACSD' MCJ facility.  Plaintiff also alleges that the conduct of each Defendant caused Mr. CABRERA to suffer grievous harm, pain and suffering, cruel and unusual punishment while he was housed at MCJ, and Plaintiff hereby petitions the Attorney General of the United States to institute a civil action or intervene in this action pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1007.

36. As a reasonably foreseeable and proximate cause of the conduct of Defendants COUNTY and LACSD, as described above, Plaintiff suffered damages and injuries as set forth above in paragraphs 30 through 32 incorporated herein.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF 42 U.S.C. § 1983 -- FAILURE TO SUPERVISE, TRAIN, AND TAKE CORRECTIVE MEASURES CAUSING VIOLATION OF CIVIL RIGHTS AGAINST DEFENDANT SHERIFF BACA AND DOES 1 THROUGH 20

37.  Plaintiff restates and incorporates by reference the allegations of preceding paragraphs 1 through 36, inclusive, as though fully set forth herein.

38.  Plaintiff is informed and believes and thereon alleges that DOE Supervisors knew, or in the exercise of reasonable care should have known of a history and propensity and pattern at the time of this incident for custody and medical staff of the MCJ to fail to provide reasonable security, monitoring and supervision of detainees such as STEVE CABRERA; to fail to comply with and/or implement policies and procedures of the MCJ or ensuring the enforcement thereof; to fail to train and ensure that custody and medical staff provide reasonable security and monitoring of detainees such as STEVE CABRERA and that custody and medical staff provide prompt and competent access and delivery of mental health attention and intervention when detainees, such as STEVE CABRERA have a mental health crisis requiring prompt intervention. Defendant SHERIFF BACA's and DOE Supervisors' disregard of this knowledge or failure to adequately investigate and discover and correct such acts or failures to act was a moving force which caused the violation of Mr. CABRERA's constitutional rights.

39.  Plaintiff is informed and believes, and thereon alleges, that prior to the incident alleged herein, Defendant SHERIFF BACA, DOE Supervisors, and the custodial and medical staff at the MCJ, acting under the color of their authority as supervisor officers, custodial supervisors, physicians, nurses, staff and all mental health and medical care providers, and in the course and scope of their employment as such, committed similar acts of:

A) Failure to provide access to and failure to deliver mental health and medical

-13-

care and treatment, and monitoring  for MCJ detainees with known mental health conditions and risk of suicide;

B) Failure to provide adequate housing and proper classification of MCJ detainees so that they would have access to and delivery of indicated mental health and medical care;

C) Failure to provide adequate and reasonable monitoring and housing for MCJ detainees that present a risk of suicide to prevent mental health deterioration such as attempted suicides and suicides;

D) Failure to supervise their subordinates to ensure that custody and medical staff were implementing and complying with policies and procedures to ensure the reasonable security and safety of detainees;

E) Failure to supervise and train custody staff to ensue that detainees who needed to be in protective custody away from gang detainees were so housed; and/or

F) Failure to prevent punishment against detainees who had known mental health disabilities by use of a disciplinary system that increases incarceration and imposes punishment for behavior resulting from or caused by their mental illnesses or psychological conditions, or with inmates who complained about their classification status.

40.   Plaintiff is further informed and believes, and thereon alleges, that Defendant SHERIFF BACA and DOE Supervisors knew, were deliberately indifferent to, or in the exercise of reasonable care should have known of this pattern or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and these Defendants had a duty to train and instruct their subordinates to prevent similar acts against other detainees, but failed to take steps to properly train, supervise, investigate or instruct custody and medical staff; retained custody and medical staff who had a history of inappropriate conduct; and placed inexperienced deputies and deputies who had been disciplined for misconduct in the MCJ. As a result of these acts and failures to

act, STEVE CABRERA was harmed in the manner threatened by the pattern or practice.

41.    At all times herein mentioned, and prior thereto, Defendant SHERIFF BACA and DOE Supervisors had the duty:

A) To train, supervise, and instruct custody and medical staff to ensure that they respected and did not violate federal and state constitutional and statutory rights of detainees;

B)To train, supervise and instruct custody and medical staff to objectively investigate incidents of in-custody injury, deaths, suicides and suicide attempts, inadequate classification and contraindicated housing, and to take remedial action to correct errors in such investigation;

C) To train, supervise, and instruct custody and medical staff to provide access to and delivery of adequate mental and medical health care, continuity of care, monitoring, intervention, treatment, follow-up, and attention to injured, mentally ill or potentially suicidal detainees, the lack of which resulted in serious injury or loss of life;

D) To train, supervise, and instruct custody and medical staff to periodically monitor a detainee's serious mental health and medical conditions and suicide risk, the lack of which may result in serious injury or loss of life;

E) To train, supervise, and instruct custody and medical staff to periodically monitor the quality and adequacy of mental health and medical care, attention and treatment provided to detainees who are mentally ill, have had suicide attempts, or who are at risk of suicide;

F) To train, supervise, and instruct custody and medical staff to periodically monitor the competency of medical and custodial staffing to ensure that custodial staff counselors were providing reasonable security to detainees who should be in protective custody, mentally ill, had suicidal attempts or were at risk of suicide;

G) To train, supervise, and instruct custody and medical staff to periodically monitor the classification and housing of detainees, or to identify detainees who should

-15-

be classified in protective custody, as mentally ill, or as suicidal, to ensure they have reasonable security and safety and are properly housed;

H) To train, supervise, and instruct custody and medical staff to comply with the statutory guidelines and regulations enacted for the protection of detainees held in a custodial setting;

I) To discipline and to establish procedures to correct past violations and to prevent future violations of constitutional rights of detainees, rather than placing deputies in the MCJ as a form of discipline for their conduct on the streets and condoning, ratifying, and/or encouraging the violation of detainees' constitutional rights;

J) To train, supervise, and instruct custody and medical staff on understanding, recognizing, reporting and responding to issues of detainees' mental health care and treatment, and communicating with each other as to detainees' mental and medical status, potential suicide risk and prior suicide attempts, and proper housing to ensure detainees' mental health safety and protection;

K) To train, supervise, and instruct custody and medical staff not to discriminate against detainees who were suicidal, complained to staff, who had known mental health disabilities and not to use a disciplinary system that increases incarceration and imposes punishment for behavior resulting from or caused by detainees' mental health conditions;

L) To train, supervise, and instruct custody staff not place at risk detainees in high risk modules, such as the 3000 module, where dangerous gang detainees were housed, and where inexperienced deputies and deputies had been disciplined for misconduct were stationed.

42.    Defendants breached said duties by failing to train, supervise and instruct custody and medical staff as described in paragraph 41:

43.    Defendant SHERIFF BACA and DOE Supervisors, by their own culpable action and inaction in the training, supervision and control of the custody and medical

staff, contributed to the constitutional violations alleged herein, and their reckless or callous indifference to the rights of others, by failing to train, supervise and control the custody and medical staff as alleged herein, and by contributing to the constitutional violations committed by the medical and custody staff, caused harm to STEVE CABRERA and injury to Plaintiff.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF CAL. CIV. CODE § 52.1 - -

## AGAINST DOES 1 THROUGH 20

44. Plaintiff incorporates by reference the allegations of preceding paragraphs 1 through 43, as if they were set forth in full again.

45. The United States and California Constitutions guarantee to pretrial detainees the right to adequate medical care and protection of harm.  Both constitutions protect the right to familial relationships.  DOE Custody and Medical Staff, by engaging in the wrongful conduct alleged herein, denied these rights to the decedent STEVE CABRERA and Plaintiff, thus giving rise to claims for damages pursuant to California Civil Code § 52.1

46. As a direct and proximate cause of the aforementioned acts of DOE DEFENDANTS, decedent STEVE CABRERA and Plaintiff were injured as set forth above, and are entitled to statutory damages under California Civ. Code § 52.1, as well as compensatory and punitive damages according to proof, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

## GENERAL NEGLIGENCE - - AGAINST DOES 1 THROUGH 20

47. Plaintiff incorporates by reference the allegations of preceding paragraphs 1 through 46, as if they were set forth in full again.

48. By virtue of the foregoing, DOE Medical Staff owed Mr. CABRERA a duty of due care, and that duty was breached by the Defendants' negligence and gross

negligence, in delaying and denying medical attention and access to medical and mental health care to him, failing to monitor and provide continuity of care based on facts that would place a reasonable person on notice that Mr. CABRERA should not continue in the same housing where he was harmed just twenty-seven days prior to his suicide, and failing to communicate to custody staff he needed to be monitored and needed to be housed in a setting that would ensure such monitoring such as the medical ward at MCJ or a safety cell. DOE DEFENDANTS breached their duty of care to observe, report, monitor and provide reasonable security regarding STEVE CABRERA's condition and failed to prevent his suicide attempt. Each DOE DEFENDANT was negligent, and their negligence proximately caused Mr. CABRERA's suicide and Plaintiff's injuries because their actions caused an unreasonable risk of harm to Mr CABRERA.

49.   By virtue of the foregoing, DOE Supervisors owed Plaintiff and Mr. CABRERA a duty of care.  This duty of care was breached in the hiring, supervision, training, retention and investigation of each of the medical care providers  or custody personnel who classified, housed and failed to supervise and monitor Mr. CABRERA, who delayed or denied his medical attention or access to medical care and treatment, and failed to protect him and place him in an appropriate floor away from gang members in the 3000 module. Each DOE DEFENDANT was negligent, and their negligence proximately caused Mr. CABRERA's suicide and Plaintiff's injuries because their actions caused an unreasonable risk of harm to Mr CABRERA.

50.   By virtue of the foregoing, DOE Custody and Medical Staff had a duty to provide reasonable security and render access and delivery of mental and medical care, treatment and/or emergency services to STEVE CABRERA based on his mental and medical condition, past suicide attempt, and recent injuries caused by cuts to his arm, and had a duty to remove him from the gang floor because he was a gang drop out and complained that he should not be housed with gang members. DOE

-18-

DEFENDANTS breached their duty of care to observe, report, monitor and provide reasonable security regarding STEVE CABRERA's condition and failed to prevent his suicide attempt. Each DOE DEFENDANT was negligent, and their negligence proximately caused Mr. CABRERA's suicide and Plaintiff's injuries because their actions caused an unreasonable risk of harm to Mr CABRERA.

51.   The conduct alleged was the legal cause of the death of Mr CABRERA, and the wrongful death damages claimed.

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA GOV'T CODE § 845.6
## AGAINST DOE DEFENDANTS 1 - 20

52.   Plaintiff incorporates by reference the allegations of preceding paragraphs 1 through 51, as if they were set forth in full again.

53.   By virtue of the foregoing, DOE Medical Staff knew or had reason to know that STEVE CABRERA needed immediate medial care and that he had serious and obvious mental and medical conditions that put the medical staff on notice that he should have had his medical condition monitored going forward from September 8, 2010; that he should have not been housed in the same 3000 module with gang members where he was injured on September 8, 2010. The failure to provide immediate medical care and mental health care, where his health and mental condition were deteriorating, proximately caused his suicide.

54.   DOE Medical Staff's breach of their duty was a legal cause of STEVE CABRERA's suicide on October 5, 2010 and, as a result, Plaintiff was injured as set forth above.

## SEVENTH CLAIM FOR RELIEF
## MEDICAL NEGLIGENCE AGAINST DOE DEFENDANTS 1 - 20

55.   Plaintiff incorporates by reference the allegations of preceding paragraphs 1

-19-

through 54, as if they were set forth in full again.

56.  While STEVE CABRERA was under the sole and exclusive care of DOE Medical Providers, these Defendants, acting withing the scope of and course of their employment, negligently, carelessly and unskillfully cared for, attended, handled, controlled and failed to supervise, monitor, follow up, provide continuity of care, and ignored Mr. CABRERA and failed to ensure he was appropriately housed due to his medical condition, failed to communicate information to the custody staff concerning the need to not house him in the same cell on a high risk floor with gang members where he was harmed on September 8, 2010, and negligently, carelessly and unskillfully failed to possess and exercise that degree of skill and knowledge ordinarily possessed an exercised by others in the same profession and in the same locality as DOE Medical Providers.

57.  These DOE Medical Providers failed to supervise, train and monitor their subordinates, to maintain proper supervision, classification and staffing and to timely refer Mr. CABRERA for medical, psychiatric, and/or hospital care and to ensure that Mr. CABRERA received the appropriate care and treatment.

58.  As a result of their breach of duty, Mr CABRERA's psychological and mental condition deteriorated, and their conduct was the proximate cause of his suicide.

59.  DOE Medical Provider's breach of their duty was a legal cause of STEVE CABRERA's suicide on October 5, 2010 and, as a result, Plaintiff was injured as set forth above.

WHEREFORE, Plaintiff prays for judgment and relief against Defendants, and each of them, and DOES 1 - 20, jointly and severally, as described and limited in the Causes of Action set forth above, as follows:

1.  For general and compensatory damages in an amount according to proof;

2.  For special damages in an amount according to proof;

3.  For exemplary and punitive damages against individual Defendants in an amount according to proof;

4.      For costs of suit and reasonable attorneys' fees; and

5.      For such further relief as the court may deem just and equitable.


Respectfully submitted,

KAYE, McLANE & BEDNARSKI, LLP


Dated: November 18, 2011    By: _____

DAVID S. McLANE
Attorneys for Plaintiff




**JURY DEMAND**


Trial by jury of all issues is demanded.


KAYE, McLANE & BEDNARSKI, LLP


Dated: November 18, 2011    By: _____

DAVID S. McLANE
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

### CV11- 9613 DDP (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.



Name & Address: DAVID S. McLANE (SBN
124952); Kaye, McLane & Bednarski, LLP
234 East Colorado Boulevard, Suite 230
Pasadena, California 91101
Tel: 626-844-7660; Fax: 626-844-7670
Email: dmclane@kmbllp.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Reina Maribel Campos, Individually, And Successor In Interest To Steve Ulysses Cabrera,<br><br>PLAINTIFF(S)<br><br>v.<br><br>County of Los Angeles; Los Angeles County Sheriff's Department; Sheriff Lee Baca; and Does 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-09613 DDP (PJWx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): County of Los Angeles; Los Angeles County Sheriff's Department; Sheriff Lee Baca; and Does 1 through 20, inclusive,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

NOV 1 8 2011

Dated: _____

Clerk, U.S. District Court

By: _____ JULIE PRADO _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

FILE COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Reina Maribel Campos, Individually, And Successor In Interest To Steve Ulysses Cabrera | **DEFENDANTS**<br>County of Los Angeles; Los Angeles County Sheriff's Department; Sheriff Lee Baca; and Does 1 through 20, inclusive<br>10 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>David S. McLane, SBN 124952, Kaye, McLane & Bednarski, LLP, 234 East Colorado Boulevard, Suite 230, Pasadena, CA 91101, tel., 626-844-7660, fax, 626-844-7670, email: dmclane@kmbllp.com | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 1983 – Violation of Plaintiff's rights through wrongful death while in custody under color of law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-09613

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Reina Maribel Campos, Individually, And Successor In Interest To Steve Ulysses Cabrera - - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles - - Los Angeles; Los Angeles County Sheriff's Department - - Los Angeles;  Sheriff Lee Baca - - unknown | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X  SIGNATURE OF ATTORNEY (OR PRO PER) _____   Date  November 18, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |