1 | Tomas A. Guterres, Esq. (State Bar No. 152729)
2 | Catherine M. Mathers, Esq. (State Bar No. 221983)
   | Clay W. Wilkinson, Esq. (State Bar No. 269080)
3 | **COLLINS COLLINS MUIR + STEWART** LLP
4 | 1100 El Centro Street
   | South Pasadena, CA  91030
5 | (626) 243-1100 – FAX (626) 243-1111
6 | Email: tguterres@ccmslaw.com
   | Email: cmathers@ccmslaw.com
7 | Email: cwilkinson@ccmslaw.com
8 | Attorneys for Defendants, COUNTY OF LOS ANGELES; LOS ANGELES
9 | COUNTY SHERIFF'S DEPARTMENT; and SHERIFF LEE BACA

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12 |

| | |
|---|---|
| REINA MARIBEL CAMPOS, INDIVIDUALLY, AND SUCCESSOR IN INTEREST TO STEVE ULYSSES CABRERA, BLANCA CARDENAS, INDIVIDUALLY, AND SUCCESSOR IN INTEREST TO STEVE ULYSSES CABRERA, | CASE NO. CV 11-09613 DDP (PJWx) *[Assigned to the Hon. Dean D. Pregerson, Courtroom 3]* |
| Plaintiffs, | **COUNTY OF LOS ANGELES' REPLY IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE PLAINTIFFS' SECOND AMENDED COMPLAINT** **[Fed. R. Civ. P. 12(b)(6), 12 (f)]** |
| v. | |
| COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; SHERIFF LEE BACA; and DOES 1 through 10, inclusive, | **DATE:   August 13, 2012** **TIME:    10:00 a.m.** **COURTROOM:   3** |
| Defendants. | **Complaint Filed:   November 18, 2011** **Trial Date:  None** |

27 | ///

28 | ///

*18138 REPLY – MTN TO DISMISS SAC*

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

1

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF MTN TO DISMISS & STRIKE SAC**

1   Defendants COUNTY OF LOS ANGELES ("County"), COUNTY OF LOS

2   ANGELES SHERIFF'S DEPARTMENT ("LASD"), and SHERIFF LEE BACA

3   ("Sheriff Baca") (collectively "County Defendants") hereby submit the following

4   reply in support of their motion to dismiss Plaintiffs REINA MARIBEL CAMPOS

5   and BLANCA CARDENAS' Second Amended Complaint ("SAC").

6   # I.

7   ## INTRODUCTION

8   Despite Plaintiffs' efforts to follow the procedure necessary to qualify as

9   Decedent STEVE ULYSSES CABRERA's ("Decedent") successors in interest, they

10   raise still more questions regarding standing.  Since this is a jail suicide case and not

11   an excessive force or inmate-on-inmate violence case, this case is factually distinct

12   from *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) on which Plaintiff so heavily relies.

13   Allegations regarding *other* purported problems in County jail facilities unrelated to

14   the provision of mental health care – and specifically County's treatment of Decedent

15   – are the very definition of redundant, immaterial, impertinent, and scandalous

16   material under Fed. R. Civ. P. 12(f).  County Defendants respectfully request that the

17   Court grant their motions.

18   # II.

19   ## PLAINTIFFS' ATTEMPT TO ESTABLISH THEMSELVES AS

20   ## SUCCESSORS INTEREST DOES NOT RESOLVE THE STANDING ISSUE

21   Plaintiffs suggest that they are *both* successors in interest to Decedent.  *See*

22   Declaration of Reina Maribel Campos, ¶¶ 4-8; Declaration of Blanca Cardenas, ¶¶ 4-

23   8.  However, Plaintiff's do not explain in the Second Amended Complaint *how* this

24   result is possible.

25   ### A.   Decedent's Causes Of Action Must Be Separate Property If

26   ### Plaintiffs Are Both Successors In Interest

27   Under California law, all property, real or personal, wherever situated,

28   acquired by a married person during the marriage while domiciled in California is

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

*18138 REPLY – MTN TO DISMISS SAC*

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF MTN TO DISMISS & STRIKE SAC**

1   community property.  Cal. Fam. Code § 760 (2012).  However, money or other

2   property received or to be received by a married person in satisfaction of a judgment

3   for damages for personal injuries, or pursuant to an agreement for the settlement or

4   compromise of a claim for those damages, is the separate property of the injured

5   person if the cause of action for damages arose while either spouse, if he or she is the

6   injured person, is living separate from the other spouse.  Cal. Fam. Code § 781(a)(2).

7          California courts state that the "date of separation occurs when either of the

8   parties *does not* intend to resume the marriage *and* his or her actions bespeak the

9   finality of the marital relationship."  *In re Marriage of Manfer*, 144 Cal. App. 4th 925,

10  930 (Ct. App. 2006).  "There must be problems that have so impaired the marriage

11  relationship that the legitimate objects of matrimony have been destroyed and there is

12  no reasonable possibility of eliminating, correcting, or resolving these problems."  *Id.*

13         If Decedent died intestate, the intestate share of the surviving spouse is the

14  one-half of the community property that belongs to the Decedent, and one-half of the

15  separate property if Decedent leaves a parent.  Cal. Prob. Code § 6401(a);

16  6401(c)(2)(B).

17         The only way that Plaintiff Campos can qualify as a successor in interest is if

18  Decedent's cause of action is separate property.

19      **B.    Plaintiffs Merely Plead That Decedent Was Married At The Time**

20             **Of His Death**

21         One of the problems in this case is that Plaintiffs only plead that Plaintiff

22  Cardenas was "married to [Decedent] at the time of his death."  SAC, ¶ 5.  The only

23  reasonable conclusion for the Court to draw based on this allegation is that

24  Decedent's purported cause of action accrued *during the marriage* considering there

25  is no allegation of a separation.  Decedent's purported cause of action would

26  therefore be community property that would pass to Plaintiff Cardenas in intestacy –

27  not Plaintiff Campos – and Plaintiff Campos would not have standing.

28  ///

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax    (626) 243-1111

*18138 REPLY – MTN TO DISMISS SAC*

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF MTN TO DISMISS & STRIKE SAC**

C.   **Plaintiffs Do Not Even Attempt To Show That They Are Personal Representatives Of Decedent's Estate**

Plaintiffs' opposition does not even suggest that Plaintiffs have been issued letters pursuant to Cal. Probate Code section 8400(a) which is the legal requirement to qualify as a personal representative. Even so, only the personal representative *or* the successor in interest (not both) has standing unless they are one and the same person. *Johnson v. Cal. Dep't Corr. & Rehab.*, 2009 U.S. Dist. LEXIS 69257 at 17 (E.D. Cal. 2009).

## III.

## **THIS CASE IS FACTUALLY DISTINCT FROM *STARR V. BACA***

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2012) involved a 2006 incident in which inmates in the County Jail attacked another inmate. Specifically, plaintiff alleged that a group of inmates gathered at plaintiff's cell door and threatened to inflict physical harm on him. *Starr*, 652 F.3d at 1204. Plaintiff yelled for deputies to help, but instead a deputy opened plaintiff's cell gate allowing the other inmates to enter. *Id.* The inmates stabbed plaintiff twenty-three times as plaintiff screamed for help. *Id.* Once the inmates ceased the attack, deputies yelled racial epithets at plaintiff and kicked plaintiff while he was on the ground, breaking plaintiff's nose. *Id.*

The *Starr* plaintiff alleged that Sheriff Baca was liable for plaintiff's injuries as a supervisor because of Sheriff Baca's "knowledge of the unconstitutional conditions in the jail, including his knowledge of the culpable actions of his subordinates, coupled with his inaction." *Id.* at 1208. The third amended complaint in *Starr* alleged several instances of inmate-on-inmate violence and deputy on inmate violence, as well as investigations into deputy abuse and inmate violence . *Id.* at 1208-12. *See* Reply Request for Judicial Notice, Exhibit "1". Many of these same allegations appear in this case's Second Amended Complaint.

But the key distinction is that this is *not* an inmate-on-inmate violence case *or* a deputy abuse case. However artfully Plaintiffs try to weave general jail conditions

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax     (626) 243-1111

*18138 REPLY – MTN TO DISMISS SAC*

4

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF MTN TO DISMISS & STRIKE SAC**

1  allegations into Decedent's narrative, there are no allegations that deputy abuse or

2  other inmates caused Decedent's suicide.

3      In reversing the grant of defendants' motion to dismiss in *Starr*, the Ninth

4  Circuit explained that plaintiff "specifically alleges numerous incidents in which

5  inmates in Los Angeles County jails have been killed or injured because of the

6  culpable actions of the subordinates of Sheriff Baca" and that "Sheriff Baca was

7  given notice of all of these incidents." *Starr*, 652 F.3d at 1216.  This rationale is

8  inapplicable to a case which does not involve allegations deputy-on-inmate or

9  inmate-on-inmate violence.

10      The dissenting opinion in *Starr* has the better of the argument:

11      When we cease to look at the Los Angeles Sheriff's
      Department (LASD) as an abstraction and look at the
12  reality, we see good reasons for requiring facts before
      permitting lawsuits against the Sheriff himself: the agency
13  is gigantic.  The LASD is the largest Sheriff's Department
      in the world.  It covers 3,171 square miles, 2,557,754
14  residents, and by contract 42 of the 88 incorporated cities in
      Los Angeles County.  The Department employs 8,400 law
15  enforcement officers and 7,600 civilians and is responsible
      for 48 courthouses and 23 substations.  The Men's Central
16  Jail alone houses a revolving population of 5,000 inmates.
      In addition, the Department operates the Twin Towers
17  Correctional Facility, the Mira Loma Detention Facility, the
      Pitchess Detention Center, and the North County
18  Correctional Center.  Persons charged with or convicted of
      crimes are in over one hundred different locations.  The
19  layers of administration and management between what
      happens in a jail are many and they are complex.  To infer
20  that specific incidents which occur in a jail are necessarily
      known by the Sheriff is to engage in fallacious logic.
21  This complexity does not absolve the Department of
      responsibility for respecting the constitutional rights and
22  general well-being of its charges, but it does show how
      inappropriate it is to sue the Sheriff individually *unless* in
23  terms of causation the Sheriff can be personally tied to the
      actionable behavior at issue.  *Id.* at 1218 (Trott, J.,

24

25

26

27

28

*18138 REPLY – MTN TO DISMISS SAC*

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF MTN TO DISMISS & STRIKE SAC**

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

dissenting) (emphasis in original).

As the dissent points out, the *Starr* plaintiff's conclusory allegations "amount to no more than formulaic flak fired into the sky in an attempt to bring down the squadron leader." *Id.* The majority permitted the flak to bring down the squadron leader because numerous specific incidents of alleged violence related to the particular facts surrounding the *Starr* plaintiff's alleged injury. The flak misses the target in this case.

## IV.

## OTHER ALLEGED PROBLEMS IN COUNTY JAIL FACILITIES ARE IMMATERIAL TO PLAINTIFFS' CLAIMS

Plaintiffs argue that Defendants have missed the point of Plaintiffs' allegations regarding specific instances of conduct by other inmates and deputies on other occasions. Plaintiff's Opposition ("Opp."), 15:6-10. Rather, it is Plaintiffs who have missed the point by alleging unrelated instances of deputy and inmate conduct in an attempt to fit the *Starr* rubric.

Custody deputies and County medical staff did not permit violent inmates to enter Decedent's cell and stab Decedent numerous times. Custody Deputies and County medical staff did not attack Decedent when he was on the ground after being stabbed. Plaintiffs' argument is *general*: a "chronology of reports, lawsuits, and complaints which put Sheriff Baca on notice that LASD had policies, customs, and practices which he knew or reasonably should have known, would cause others to inflict the constitutional violations alleged herein." Opp., 15:11-14. Defendants' argument is *specific*: the portions of the SAC that must be stricken refer to instances of deputy abuse and inmate-on-inmate violence – neither of which are relevant to the specific facts surrounding Decedent's suicide.

///

///

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

# V.

## CONCLUSION

Plaintiffs have not adequately alleged standing and their successor in interest declarations muddy the water.  However artfully Plaintiffs attempt to plead that *other* unrelated instances of deputy-on-inmate violence and inmate-on-inmate violence put Sheriff Baca on notice of *Decedent's* specific circumstances, Plaintiffs are doomed to fail.  Jailhouse violence at the hands of inmates or deputies is not the same as jailhouse suicide.  Plaintiffs' allegations against Sheriff Baca are insufficient, and the specific instances of other conduct unrelated to mental health care provision or in custody suicide are subject to motion to strike.  This Court must grant County's motions.

DATED:  July 30, 2012

COLLINS COLLINS MUIR + STEWART LLP

By: _____
Tomas A. Guterres
Catherine M. Mathers
Clay W. Wilkinson
Attorneys for Defendants
COUNTY OF LOS ANGELES;
LOS ANGELES COUNTY SHERIFF'S
DEPARTMENT; and
SHERIFF LEE BACA

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone   (626) 243-1100
Fax   (626) 243-1111

*18138 REPLY – MTN TO DISMISS SAC*

7

COUNTY DEFENDANTS' REPLY IN SUPPORT OF MTN TO DISMISS & STRIKE SAC